IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| R.B. BROWN, JR. | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-1821-K |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner R.B. Brown, Jr., appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 2000, petitioner was convicted by a jury of aggravated assault with a deadly weapon and sentenced to 10 years confinement. Petitioner timely appealed his conviction and sentence, but later withdrew the appeal. *Brown v. State*, No. 05-01-00090-CR, 2002 WL 980092 (Tex. App.--Dallas, May 14, 2002). While his appeal was pending, petitioner filed an application for state post-conviction relief. The Texas Court of Criminal Appeals dismissed the application for lack of jurisdiction. *Ex parte Brown*, No. 49,777-01 (Tex. Crim. App. Jul. 25, 2001). A second application for state post-conviction relief was denied without written order. *Ex parte Brown*, No. 49,777-05 (Tex. Crim. App. Mar. 1, 2006). Petitioner also filed two federal writs of habeas corpus while his second state writ was pending. Both federal writs were dismissed without prejudice for failure to

exhaust state remedies. *Brown v. Dretke*, No. 3-04-CV-0114-K, 2004 WL 292140 (N.D. Tex. Feb. 2, 2004), *rec. adopted*, 2004 WL 633204 (N.D. Tex. Feb. 19, 2004); *Brown v. Dretke*, No. 3-05-CV-0644-H, 2005 WL 840257 (N.D. Tex. Apr. 12, 2005), *rec. adopted*, 2005 WL 1025962 (N.D. Tex. Apr. 29, 2005). Having exhausted his state remedies, petitioner now returns to federal court.

II.

In multiple grounds for relief, petitioner contends that: (1) he was denied due process and equal protection under the law such that his trial resulted in a miscarriage of justice; (2) the grand jury process and resulting indictment were defective; (3) the evidence was insufficient to support his conviction and sentence enhancement; (4) his sentence is illegal; (5) his bond was excessive; (6) he received ineffective assistance of counsel; and (7) he was denied the right to appeal.

Respondent has filed a motion to dismiss this case on limitations grounds. Petitioner addressed the limitations issue in a written reply filed on January 3, 2007. The court now determines that petitioner's federal writ is time-barred and should be dismissed with prejudice.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 10 years in prison for aggravated assault with a deadly weapon. Although petitioner timely filed a notice of appeal, the appeal was withdrawn on May 14, 2002. No further action was taken on direct review. Therefore, petitioner's conviction became final when his appeal was dismissed.[1] Petitioner filed two applications for state post-conviction relief and two federal writs of habeas corpus. His first state writ was filed on April 19, 2001 and dismissed for lack

---

[1] Respondent argues that the AEDPA limitations period should be calculated "as if the notice of appeal was never filed." (*See* Resp. Mot. at 5). In support of this argument, respondent cites to federal and Texas cases interpreting the limitations provisions of various civil statutes, such as the FLSA and ADEA. Those cases hold that the statute of limitations is not tolled for the time that elapsed during the pendency of a suit that was subsequently dismissed without prejudice by the plaintiff. *See, e.g. Ford v. Sharp*, 758 F.2d 1018, 1023-24 (5th Cir. 1985). However, unlike the authorities cited by respondent, a direct appeal does not "toll" the AEDPA statute of limitations. Rather, the limitations period in a section 2254 action does not commence until "the date on which the judgment [becomes] final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). Where a habeas petitioner timely appeals his conviction but later dismisses the appeal, nearly every federal court to address the issue has held that the judgment becomes final for limitations purposes on the date the appeal is dismissed. *See, e.g. Cooper v. Cooke*, No. CV-06-00271, 2006 WL 3124907 at *3 (D. Haw. Oct. 30, 2006); *United States v. Sylvester*, No. 3-CV-05-286, 2006 WL 695796 at *3 (M.D. Pa. Mar. 17, 2006); *Lemons v. Conway*, No. CV-05-243, 2006 WL 560642 at *3 (D. Idaho, Mar. 7, 2006); *Craddock v. Mohr*, No. 99-3756, 2000 WL 658023 at *1 (6th Cir. May 8, 2000). *Cf. Boozer v. Quarterman*, No. H-06-2784, 2006 WL 2524075 at *2 (S.D. Tex. Aug. 31, 2006) (holding, without discussion or analysis, that state conviction became final 30 days after court granted petitioner's motion to voluntarily dismiss appeal).

of subject matter jurisdiction on July 25, 2001. The second state writ was filed on March 12, 2003 and denied on March 1, 2006. Petitioner's first federal writ was filed on January 22, 2004 and dismissed without prejudice on February 19, 2004. The second federal writ was filed on April 1, 2005 and dismissed without prejudice on April 29, 2005. Petitioner filed the instant action in federal court on September 16, 2006.

The AEDPA statute of limitations started to run on May 14, 2002 when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). The limitations period was tolled from March 12, 2003 until March 1, 2006, a total of 1,086 days, while a properly filed application for post-conviction relief was pending in state court.[2] Even allowing for this statutory tolling period, petitioner still waited more than one year to file his federal writ.

In an attempt to excuse this delay, petitioner argues that he was never notified by the Texas Court of Criminal Appeals that his state writ had been denied on March 1, 2006. (*See* Pet. Reply at 5). Indeed, mail logs from three TDCJ institutions where petitioner was housed in March 2006--the Jordan Unit, Clements Unit, and Robertson Unit--confirm that petitioner received no incoming mail from any source that month. (*See* Resp. Adv., Exhs. C, D & E). Although petitioner received an item of mail from the Texas Court of Criminal Appeals on June 29, 2006, respondent acknowledges that there is no evidence the mailing related to the disposition of petitioner's state writ. (Resp. Adv. at 2). *See also* http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=229639. The court therefore concludes that petitioner never received actual notice that his state writ had been denied.

---

[2] Petitioner is not entitled to statutory tolling with respect to his first state writ because it was dismissed for lack of subject matter jurisdiction. *See Larry v. Dretke*, 361 F.3d 890, 893-95 (5th Cir.), *cert. denied*, 125 S.Ct. 141 (2004). Nor is petitioner entitled to statutory tolling while three state mandamus actions and two prior federal writs of habeas corpus were pending. *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1360 (2003) (writ of mandamus is not a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment"); *Duncan v. Walker*, 533 U.S. 167, 181, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001) (federal habeas petition is not an "application for State post-conviction or other collateral review" sufficient to toll limitations period under 28 U.S.C. § 2244(d)(2)).

The failure of the Texas Court of Criminal Appeals to notify petitioner of the denial of his state writ is not, by itself, grounds for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1564 (2000), *quoting Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996) (equitable tolling is warranted only "where the plaintiff is actively misled by the defendant . . . or prevented in some extraordinary way from asserting his rights."). The Fifth Circuit has held a substantial delay of several months in receiving notice of the denial of a state appeal could qualify for equitable tolling if the petitioner "pursued the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *reh'g granted on other grounds*, 223 F.3d 797 (5th Cir. 2000). In this case, petitioner waited 302 days after his conviction became final to file a state writ. This unexcused delay suggests that petitioner did not diligently pursue his state post-conviction remedies and justifies rejecting his equitable tolling argument outright. *See Gundrum v. Quarterman,* 191 Fed.Appx. 313, 314, 2006 WL 2051053 at *1-2 (5th Cir. Jul. 24, 2006) (petitioner who waited nine months after PDR was denied before filing state writ, leaving only 90 days before the end of the limitations period, did not act with diligence and was not entitled to equitable tolling); *Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1834 (2000) (petitioner who waited almost one year to file state writ not entitled to equitable tolling); *Warren v. Quarterman*, No. 3-06-CV-1529-M, 2006 WL 3478055 at *2 (N.D. Tex. Nov. 30, 2006) (same as to petitioner who waited 346 days to file state writ); *Gray v. Dretke*, Nos. 3-04-CV-2295-P & 3-04-CV-2303-P, 2005 WL 1133860 at *4 (N.D. Tex. May 10, 2005), *rec. adopted*, 2005 WL 1630030 (N.D. Tex. Jul. 7, 2005) (same as to petitioner who waited 350 days to file state writ).

The court also notes that petitioner was at least partly responsible for any delay in receiving timely notice of the denial of his state writ. In March 2006, petitioner was transferred from the Jordan Unit to the Clements Unit and then to the Robertson Unit where he remained until November

21, 2006.  (*See* Resp. Adv., Exh. A).  Yet petitioner did not notify the Texas Court of Criminal Appeals of his new address until June 26, 2006--nearly three months after he was transferred to the Robertson Unit.  (*Id.*, Exh. B).  Petitioner's failure to keep the state appeals court apprised of his whereabouts underscores his lack of diligence.  *See Douglas v. Dretke,* No. H-05-0851, 2005 WL 2792384 at *3-4 (S.D. Tex. Oct. 26, 2005) (noting that petitioner's failure to notify court clerk of his current address is "inconsistent with the due diligence required for equitable tolling").  Moreover, "[p]etitioner has an obligation to monitor his lawsuits apart from any duty of a clerk to notify him." *Id.* at *3, *citing Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1201 (5th Cir. 1993).  *See also Jones v. Estelle,* 693 F.2d 547, 549 (5th Cir. 1982), *cert denied,* 103 S.Ct. 1528 (1983) (prisoner has "implicit burden"  to make inquiries regarding status of state habeas proceeding); *Jackson v. Dretke,* No. 3-04-CV-0194-N, 2005 WL 241189 at *2 (N.D. Tex. Jan. 31, 2005), *rec. adopted*, 2005 WL 525214 (N.D.Tex Mar. 4, 2005) (declining to grant equitable tolling where petitioner waited over a year after filing state writ to inquire about its status).  Petitioner does not allege, much less prove, that he ever inquired about the status of his state writ during the nearly three years it was pending before the Texas Court of Criminal Appeals.  His failure to do so further suggests a lack of diligence.

Finally, petitioner is not entitled to equitable tolling based on his claim of actual innocence. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000) (claim of actual innocence does not constitute a "rare and exceptional" circumstance sufficient to toll the statute of limitations); *Fites v. Quarterman*, No. 3-06-CV-0559-M, 2006 WL 2356017 at *2 (N.D. Tex. Aug. 15, 2006) (same).  Without a basis for statutory or equitable tolling of the AEDPA limitations period, petitioner's claims are time-barred and should be dismissed.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 14, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE